UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACKALENE ROSA JOHNSON and
DAWAN RENE EVERY,

            PLAINTIFFS.

VERSUS

CITY OF THIBODAUX,
STEPHEN AMADOR, CHRIS BOURG,
ADRIAN BUCHANAN, JEREMY GAUDET,
REBECCA SHAVER, JOHN SUTTON, and
PAUL THIBODEAUX,

            DEFENDANTS.

COMPLAINT FOR DAMAGES
JURY TRIAL DEMANDED

The plaintiffs are victims of police brutality. They seek compensatory and punitive damages against the police officers involved in the brutality, and compensatory damages are sought against the City of Thibodaux, Louisiana

TRIAL BY JURY IS DEMANDED.

JURISDICTION

2. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution, and under the Civil Rights Act of 1871, 42 U.S.C. sections 1983 and 1988.

3. This Court has jurisdiction of this cause under 28 U.S.C. sections 1331 and 1343.

4. Venue is proper under 28 U.S.C. section 1391 in that the Defendants and Plaintiffs reside and the cause of action arises in the City of Thibodaux, Lafourche Parish, Louisiana.

PARTIES

5. The Plaintiffs Jackalene Rosa Johnson and Dawan Rene Every are adults domiciled in Thibodaux, Louisiana.

6. The Defendants are adults and, for all times material to this complaint, were police officers employed by the City of Thibodaux and continues to be so employed.

7. The City of Thibodaux is a political subdivision of the State of Louisiana, and for all times material to this complaint was the employer of Defendants.

FACTS

8. On October 15, 2013, defendant Stephen Amador conducted a traffic stop of a vehicle in which Plaintiffs Johnson and Every were passengers.  Claiming that he had knowledge of an outstanding Thibodaux City Court warrant, Officer Amador arrested the driver and took her into custody.

9.  The other named defendant police officers arrived as Officer Amador was handcuffing the driver.

10. After the driver was placed in a patrol unit, the named defendants, without any lawful cause whatsoever, surrounded the stopped vehicle, detained the passengers, and began to verbally accost and intimidate them.

11. The hostile actions of the defendant police officers escalated.  The defendant police officers, with physical force and violence, removed plaintiffs Johnson and Every from the vehicle, slammed them to the street,  brutalized them and arrested them, all without lawful justification.

12. During all of the foregoing brutal actions, plaintiffs Johnson and Every, both African-American females, were unarmed and defenseless.

13. The defendants' brutal treatment of plaintiffs caused them to fear for their lives and caused them serious physical injuries.

14. Thereafter, plaintiffs were falsely arrested and falsely imprisoned.

15. The defendants' actions were under the color of law.

16. The defendants' actions were reckless and callously indifferent to the plaintiffs' federally protected rights.

17. The use of force against the Plaintiffs was the result of the policy, practice and custom of the City of Thibodaux to inadequately train, supervise and discipline law enforcement officers.

18. The inadequate supervision and discipline of police officers by the City of Thibodaux has led to the unnecessary and illegal use of excessive force against African-Americans.

19. The policy, practice and custom of the City of Thibodaux is that when police officers use excessive force, other officers do not intervene to prevent the use of the illegal force, do not arrest the officer engaging in the illegal activity, and do not report the illegal activity.

20. The policy, practice and custom of the City of Thibodaux with respect to allegations of excessive force reported by citizens, is to conduct a minimal investigation designed to exonerate the officer involved rather than discover the true facts of the incident.

21. As a result of this code of silence adhered to by City of Thibodaux police officers and the inadequate investigation of allegations of the use of excessive force, police officers reasonably conclude that their use of excessive force will not result in discipline, termination, or criminal prosecution against them.

22. The above policies and practices have resulted in a culture in which the use of excessive force against African-Americans is an accepted and customary part of police work in Thibodaux.

23. The force utilized by the defendants was excessive and, thus, constituted an unreasonable seizure of plaintiffs in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

24. The defendants' actions constituted an unlawful deprivation of plaintiffs' liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

25. Plaintiffs are entitled to compensatory and punitive damages, costs and attorney's fees, and award all other proper relief.

26. Plaintiffs are entitled to and make demand for a jury trial.

BY ATTORNEYS FOR PLAINTIFFS

/S/ Nelson Dan Taylor, Sr.

_____

Nelson Dan Taylor, Sr. (#12684)
J. K. Haynes Legal Defense Fund
928 St. Charles Street
Thibodaux, LA 70301

/S/ Gail Horne Ray

_____

Gail Horne Ray
1822 N Acadian Thruway W
Baton Rouge, LA 70802
Phone: 225-356-5252