UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JACKALENE ROSA JOHNSON AND DAWAN RENE EVERY | * | CIVIL ACTION NO.:  2:14 cv 2369 "A"(2) |
| versus | * | SECTION: A/2 |
| CITY OF THIBODAUX, STEPHEN AMADOR, ADRIAN | * | JUDGE ZAINEY |
| BUCHANAN, JEREMY GAUDET, REBECCA SHAVER, JOHN SUTTON AND PAUL THIBODEAUX | * | MAG.  WILKINSON |

---

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE CLAIMS AND EVIDENCE**

---

Defendants seek an order excluding the following claims and evidence at the trial of this matter, scheduled for January 25-28, 2016:

1.  Any claims for First-Amendment violations, which were not properly pleaded in plaintiffs' Complaint;

2.  Any claims against Stephen Amador, Adrian Buchanan, Jeremy Gaudet, Rebecca Shaver, John Sutton, and Paul Thibodeaux ("individual police officers") in their individual capacities, which were not properly pleaded in plaintiffs' Complaint;

3.  The identity of a policymaker with knowledge of the alleged unconstitutional policy of the City of Thibodaux; and

3.  The Seafood Outlet surveillance video from October 15, 2013 (Item 7 on Rec. Doc. 23) because plaintiffs have not provided defendants with a viewable copy of this video as required by     the Court's order on defendants' Motion to Compel.  (Rec. Doc. 37).

**I.  Background**

This suit was filed on October 15, 2014.  (Rec. Doc. 1).  The complaint specifically alleges that the use of force against the Plaintiffs was the result of the policy, practice, and custom of the

1

City of Thibodaux to inadequately train, supervise and discipline law-enforcement officers, that the City's policy, practice and custom is that officers do not intervene when excessive force is being used, and that the City conducts minimal investigations on excessive-force allegations against officers. (Rec. Doc. 1). Defendants based their defense of this lawsuit on these claims.

Plaintiffs never completed initial disclosures as required by this Court's scheduling order. (Rec. Doc. 15). Defendants propounded discovery to plaintiffs on February 13, 2015; however, plaintiffs did not respond to this discovery until December 2, 2015, after defendants filed two motions to compel. Plaintiffs' discovery responses only stated that "the plaintiffs provided this information in their depositions taken on October 1, 2015." Plaintiffs failed to provide any medical records, medical bills, income records, or any other document to prove an injury or support an award of damages. The only piece of evidence provided in plaintiffs' discovery responses was an alleged surveillance tape from the Seafood Outlet, which defendants could not view (discussed below). Therefore, defendants have not been provided any document or other evidence that plaintiffs will offer at trial to support their claims.

Plaintiffs' claims have continuously transformed over the course of this litigation. What began as an excessive-force case has now become what seems to be an illegal search and seizure claim based on the officers' request that plaintiffs provide identification. However, plaintiffs failed to ever amend the Complaint or otherwise put defendants on fair notice of this claim. Plaintiffs' Complaint fails to sufficiently allege any First-Amendment violation, the specifics of any Fourth-Amendment violation, or any specific actions against the officers in their individual capacities. Defendants' first notice of these claims was in plaintiffs' opposition to defendants' motion for summary judgment, which was filed one month before the trial. Plaintiffs should therefore be prohibited from alleging at trial any claims that were not properly pleaded in their Complaint.

## II. Claims Not Properly Pleaded Should be Excluded at Trial

"The function of a complaint is to give the defendant fair notice of the plaintiff's claim and the grounds upon which the plaintiff relies." *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 434 (5th Cir. 2000).  A party cannot offer proof at trial or obtain jury findings on claims that were not pleaded. *Samuels v. Wilder*, 871 F.2d 1346, 1350 (7th Cir. 1989) (issues raised for the first time in a motion for summary judgment were not considered by the court).

Plaintiffs should be precluded from making a claim for First-Amendment violations and claims against the officers in their individual capacities.  Plaintiffs raised these issues for the first time in their reply to defendants' motion for summary judgment, filed only a month before the trial.  Defendants have not amended or supplemented their pleadings or discovery responses to include the claims for First-Amendment violations or individual-officer liability.  *See Information Resources Inc. v. United States*, 996 F.2d 780, 785 (5th Cir. 1993) (holding that district court did not abuse its discretion in excluding claim when party delayed supplementing discovery responses to include the claim until shortly before trial).  Defendants lacked fair notice of these claims and the grounds upon which the plaintiff relies.

Plaintiffs should also be prohibited from identifying any City of Thibodaux policymaker as required by *Monell* since they have not identified a policymaker in their Complaint or through discovery.

### A.  First-Amendment Claims

Plaintiffs have not properly pleaded any First-Amendment violation.  This was raised for this first time in their opposition to defendants' motion for summary judgment/cross-motion for summary judgment.  (Rec. Doc. 53).  The Complaint generally alleges violations of only the Fourth

3

and Fourteenth Amendments (Rec. Doc. 1 ¶¶ 23-24).  Plaintiffs' Complaint lacks any mention of the First Amendment or free speech.  Additionally, Plaintiffs' discovery responses lacked any evidence to support a First-Amendment violation claim.

### B.  Individual-Capacity Claims

Likewise, plaintiffs have not properly pleaded any claims against the police officers in their individual capacity.

Although "[t]he generic pleading requirements of [Rule 8] govern suits against individual defendants in their official capacity," "[p]laintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (*citing Anderson v. Pasadena Indep. Sch. Dist*., 184 F.3d 439, 443 (5th Cir. 1999)). "This standard requires more than conclusory assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Id*. (citing *Baker v. Putnal*, 75 F.3d 190, 194 (5th Cir. 1996)).

In *Elliot v. Perez*, the Fifth Circuit held that in such cases where the defendant's qualified immunity would determine his amenability to suit, complaints must be pled with "factual detail and particularity." 751 F.2d 1472, 1473 (5th Cir. 1985). The court held that a heightened pleading standard was appropriate and, indeed, necessary to overcome the defense of qualified immunity that so often obstructs civil suits against government agents. *Id*.

The Fifth Circuit later maintained that a heightened pleading standard for § 1983 claims against public officials withstood the Supreme Court's holding in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160, 122 L. Ed. 2d 517 (1993). *Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995). In *Leatherman*, the Court held that a federal court may not apply a heightened pleading standard, more stringent than the usual pleading

requirements of Rule 8(a), in civil rights cases alleging municipal liability. 507 U.S. at 168. The Fifth Circuit took the position in *Schultea* that the *Leatherman* ruling did not have to be read to reach cases involving individual public officials and insisted that heightened pleading could be required where a qualified immunity defense could present a legitimate hurdle to a plaintiff's recovery. 47 F.3d at 1430.

The evolution of a heightened standard for claims brought against public officials under 42 U.S.C. § 1983 was completed when the Fifth Circuit provided a mechanism for plaintiffs facing immunity defenses and other responses requiring them to plead with particularity or risk dismissal. *Schultea*, 47 F.3d at 1433. The court held that "[t]he considerations that had led to the adoption of heightened pleading would henceforth be satisfied . . . through the device of a detailed Rule 7 reply, which the district court could order on the defendant's motion or *sua sponte*." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

Had plaintiffs' complaint properly alleged claims against the officers in their individual capacities, defendants would have raised the qualified immunity defense and filed a motion to require plaintiffs to file a Rule 7(a) reply. Plaintiffs' failure to attribute conduct to any of the individual defendants or to separate the allegations against the various individual defendants makes it impossible to determine what conduct by what defendant is at issue. Defendants could not properly prepare a defense to the allegations without knowing the basis of plaintiffs' claims. Defendants lacked any notice that plaintiffs' claims were against the officers in their individual capacities until plaintiffs responded to the defendants' motion for summary judgment on December 21, 2015.

Additionally, the proof of service of the Complaint on the individual defendants shows that all of the individual officers were served "on Erica Watkins, the duty officer authorized by

Thibodaux Police Department policy to accept service of process on behalf of police officers in matters regarding **their official duties**." (Rec. Doc. 12) (emphasis added). This is an additional indication that plaintiffs only sued and served the officers in their official capacities as City of Thibodaux employees. Defendants would have objected to plaintiffs' improper service on the officers individually had they been aware that this suit involved individual-capacity claims.

### C.  The Identity of a City of Thibodaux Policymaker

Despite bringing this claim under § 1983, plaintiffs have failed to identify a final policymaker with knowledge of the alleged unconstitutional policy as required by *Monell v. Dept. of Social Services of the City of New York* and its progeny. 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (municipal liability requires proof of an "official policy," a "final" policymaker, and policymaker "knowledge" of, or "deliberate indifference" to, a risk of constitutional violations"). Plaintiffs' Complaint does not name a policymaker, their discovery responses did not identify a policymaker, and even their opposition to defendants' Motion for Summary Judgment/Cross-Motion for Summary Judgment makes no mention of a policymaker. Defendants have been prejudiced by this failure to identify the policymaker and cannot prepare an adequate defense without knowledge of policymaker's identity.

## III. Undisclosed Evidence Should be Excluded at Trial

### A.  Seafood Outlet Surveillance Tape was not Provided in Discovery

Plaintiffs' exhibit list contains a surveillance tape from the Seafood Outlet that plaintiffs have failed to provide to defendants. (Item 7 Rec. Doc. 23). Plaintiffs provided a CD that allegedly contained the video, but defendants were unable to view the video. Defendants informed plaintiffs' counsel that they could not view the video. To date, plaintiffs have not provided a copy

in a format that defendants can access.  Plaintiffs should be precluded from using this at trial since defendants have never had an opportunity to view it and have no knowledge of its contents.

Rule 26(e) provides that a party must supplement or correct its discovery if such discovery is incomplete or incorrect if "the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing [.]" Fed. R. Civ. P. 26(e)(1).

Here, plaintiffs did not provide the discovery until December 2, 2015, and only then after defendants filed two motions to compel.  Plaintiffs have not supplemented or corrected the discovery after being notified that defendants could not access the contents on the CD.  "The basic purpose of Rule 26(e) has been held to be prevent [sic] a party from being prejudicially surprised by information presented at trial." *Reed v. Iowa Marine and Repair Corp*., 16 F.3d 82, 85 (5th Cir. 1994).  Defendants do not have access to the contents of this video through any other discovery. Defendants will be prejudicially surprised if their first view of the surveillance tape is at the trial.

Additionally, the surveillance video is inadmissible because it is not authenticated.  Federal Rule of Evidence 901(a) provides that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is."  Plaintiffs' witness list does not include anyone from Seafood Outlet who could properly authenticate the video and its contents.  Therefore, plaintiffs should be precluded from admitting the surveillance tape at trial.

## IV. Conclusion

Defendants lack fair notice of any First-Amendment violation, any individual-capacity claims against the individual police officers, and the identity of a City of Thibodaux policymaker who can be charged with knowledge of any alleged constitutional violation.  Plaintiffs should be precluded from raising these issues at the trial of this matter since defendants have not had an

opportunity to prepare an adequate defense.  Also, plaintiffs should be prohibited from introducing the Seafood Outlet surveillance video since they have not provided defendants with an accessible copy.  Defendants therefore ask that the Court enter an order excluding the foregoing claims and evidence from the trial of this matter.

Respectfully submitted,

/s/ Marla E. Mitchell
**MICHAEL G. GEE (20193)**
**MARLA E. MITCHELL (33992)**
Porteous, Hainkel & Johnson, LLP
211 W. Fifth Street
Thibodaux, LA 70301
Telephone: (985) 446-8451

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 30, 2015, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel and parties of record.

/s/ Marla E. Mitchell
Marla E. Mitchell