UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACKALENE ROSA JOHNSON and DAWAN RENE EVERY      CIVIL ACTION

VERSUS      NO. 14-2369

CITY OF THIBODAUX, ET AL.      SECTION A(2)

**ORDER**

Before the Court is Defendants' **Motion for Summary Judgment (Rec. Doc. 31)**. The motion, set for submission on December 2, 2015, is before the Court on the briefs without oral argument. Plaintiffs' opposition to the motion also serves as a **Cross-Motion for Summary Judgment (Rec. Doc. 55)**, which Defendants oppose. This matter is set to be tried to a jury on January 25, 2016.

### I. Background

Plaintiffs filed suit in this Court on October 15, 2014. (Rec. Doc. 1). Plaintiffs allege constitutional violations, arising out of a traffic stop that occurred on October 15, 2013. According to the complaint Officer Stephen Amador stopped a car in which Plaintiffs were passengers. Amador stopped the car because he recognized the driver as a woman who had an outstanding warrant. Other officers arrived on the scene, and according to the complaint, "without any lawful cause whatsoever, surrounded the stopped vehicle, detained the passengers, and began to verbally accost and intimidate them." (Rec. Doc. 1, Compl. ¶ 10). The officers then removed Plaintiffs from the vehicle, "slammed them to the street, brutalized them and arrested them, all without lawful justification." (Rec. Doc. 1, Compl. ¶ 11).

1

Johnson's deposition, which Plaintiffs submitted in connection with this motion, alleges more facts. According to her deposition, an officer stopped the vehicle and told the driver she had a warrant out for her arrest. (Rec. Doc. 55-13 at 21). The driver responded and cursed at the officer. (*Id.*). Officer Buchanan then walked up to the vehicle and asked the women for identification. (*Id.*). at 22-23). Plaintiff Every said she did not have her license and asked if she could call her mother and have her mother bring the license. (*Id.*). Buchanan said she could. (*Id.*). Another officer then came to the vehicle and told Every to hang up the phone. (*Id.* at 24). Every told the officer Buchanan had given her permission. (*Id.* at 24-25). Every and the officer argued, and then Buchanan and this officer grabbed Every's head and hand and tried to remove her from the truck. (*Id.*). According to Johnson's deposition, she said nothing throughout this altercation. (*Id.* at 25-26). The officers never asked her to step out of the vehicle and then suddenly Buchanan opened the door, jerked her out of the car, and slung her to the ground. (*Id.* at 30).

Defendants' accounts of the incident differ from Plaintiffs' versions. According to Defendant Amador, as he arrested the driver, Plaintiff Every exited the vehicle. (Rec. Doc. 55-6 at 12). Amador recounted that to ensure officer safety, he asked Every to return to the vehicle, and after several commands, she did so. According to Defendant Adrian Buchanan, Plaintiffs Every and Johnson were yelling obscenities to the officers. Buchanan then asked them to step out of the vehicle and identify themselves, and Plaintiffs refused (Rec. Doc. 55-7 at 9). The officers then removed Plaintiffs from the vehicle and forced them to the ground. (Rec. Doc. 55-7 at 13). As Buchanan placed handcuffs on Every, she kicked and yelled, telling Buchanan she would have him fired. Buchanan arrested her on charges of resisting an officer and public intimidation. (Rec. Doc. 55-7 at 13-14). Officer Christopher Bourg then walked Every to his patrol car, and she began

running away from him. (Rec. Doc. 55-8 at 6). According to Bourg, Officer Paul Thibodeaux then used an electronic stun gun (Taser) on Every.

**II.     Analysis**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255). Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

*Official-capacity claims*

The Fifth Circuit has held that a § 1983 action brought against a chief of police in his official capacity is tantamount to a suit against the city. *Sanders v. English*, 950 F.2d 1152, 1159 n.13 (5th Cir. 1992). Similarly, an official-capacity action against a government officer is to be treated as a suit against the entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S.

159, 165-66 (1985) (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55)). A city can only be liable on account of unconstitutional conduct by such officials if the city's policy or custom played a part in the violation. *Id.* at 166 (citing *Monnell*); *Sanders*, 950 F.2d at 1159 n. 13. The plaintiff will have to prove that "the policy or custom in question was adopted with 'deliberate indifference' and that there was 'a direct causal link between the municipal action and the deprivation of federal rights.'" *Matthews v. Bowie County, Tex.*, 600 Fed. App'x 933, 934 (5th Cir. 2015) (quoting *In re Foust*, 310 F.3d 849, 862 (5th Cir. 2002)). The Fifth Circuit has held that allegations of an isolated incident are insufficient to establish a custom or policy. *See id.* (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).

Plaintiffs have presented insufficient evidence to show a custom or policy here. Instead, Plaintiffs have presented evidence on only an isolated incident, which the Fifth Circuit has held is insufficient to establish a custom or policy. Because Plaintiffs have not shown sufficient evidence of a custom or policy, they have failed to show evidence of such custom or policy playing a part in the alleged violation here, as the Fifth Circuit requires. Accordingly, the Court grants summary judgment for Defendants on Plaintiffs' claims against the City of Thibodeaux and against each of the defendants in his or her official capacity.

*Individual-capacity claims*

Although Plaintiffs assert that Defendants waived the qualified immunity defense by failing to raise it before now, the Court finds that Defendants have not waived it. The Fifth Circuit has held that "under Rule 8(c) we do not take a formalistic approach to determine whether an affirmative defense was waived." *Pasco ex rel. Pasco v. Knoblauch*, 566 F.3d 572, 577 (5th Cir. 2009) (finding no waiver of qualified immunity defense). Instead, courts look "at the overall context of the litigation." *Id.* The Fifth Circuit has found no waiver "where no evidence of

4

prejudice exists and sufficient time to respond to the defense remains before trial." *Id.* (citing *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 492 (5th Cir. 2001) (finding no waiver where a new affirmative defense was raised in a joint pretrial order over a year after complaint was filed); *Lubke v. City of Arlington*, 455 F.3d 489, 499 (5th Cir. 2006) (finding no waiver where a defense was raised in a pretrial motion in limine two years after the complaint was filed and just weeks before trial)). This Court will therefore consider Defendants' qualified immunity defense to the individual-capacity claims.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)). Once a defendant raises a qualified immunity defense in a motion for summary judgment, the burden then shifts to the plaintiff to rebut the defense by establishing that a genuine issue of material fact exists as to whether the official's allegedly wrongful conduct violated established law. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005).

"To discharge this burden, a plaintiff must satisfy a two-prong test." *Id.* (internal quotation marks omitted). "First, he must claim that the defendants committed a constitutional violation under current law." *Id.* (internal quotation marks and citation omitted). "Second, he must claim that the defendants' actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.* (internal quotation marks and citation omitted). "The second prong of the analysis is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in light of that then

5

clearly established law." *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005) (internal quotation marks and citations omitted).

The qualified immunity standard, "even on summary judgment, gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (internal quotation marks and citation omitted). The doctrine "purposefully shields police officers' split-second decisions made without clear guidance from legal rulings" and "protect[s] officers from the sometimes hazy border between excessive and acceptable force, and to ensure that before they are subjected to suit, officers are on notice their conduct is unlawful." *Pasco*, 566 F.3d at 582.

Defendants argue that Plaintiffs have no evidence to carry their burden of proof in defeating a qualified immunity defense. Plaintiffs respond that Defendants violated clearly established First Amendment law and Fourth Amendment law by arresting Plaintiffs for allegedly yelling and cursing, forcibly removing Plaintiffs from the vehicle, and seizing Every's phone.

The Court will not consider Plaintiffs' First Amendment claim, as Plaintiffs mention it for the first time in their Response/Cross-Motion for Summary Judgment, which they filed on December 17, 2015, roughly one month before the January 25, 2016, trial date in this matter. The Court also notes that Plaintiffs failed to file this response by the extended deadline they requested from the Court. In light of this untimely pleading, the Court will not consider the First Amendment claim.

The Fourth Amendment grants individuals the right to be free from unreasonable search and seizure, including the right to be free from the use of excessive force by law enforcement. *Ikerd v. Blair*, 101 F.3d 430, 433-34 (5th Cir. 1996). In order to state a claim for excessive force in violation of the Constitution, the plaintiff must prove "(1) an injury, which (2) resulted directly

and solely from the use of force that was clearly excessive to the need and the excessiveness of which was (3) objectively unreasonable." *Id.* If a defendant's use of force was reasonable under the circumstances, then there is no violation of the Fourth Amendment. *Estate of Shaw v. Sierra*, 366 Fed. Appx. 522, 523 (5th Cir. 2010). In evaluating whether the force used by officers is excessive, a court must balance the facts and circumstances of each case, "including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

In *Bush v. Strain*, the Fifth Circuit reversed the district court's grant of summary judgment based on qualified immunity when the plaintiff stated that she did not resist arrest or attempt to flee at the time the officer slammed her face into a nearby vehicle and caused injuries. *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008). The Fifth Circuit reasoned that the officer should have known that he could not slam the plaintiff's face forcefully into a vehicle while she was restrained. *Id.* Similarly, in *Coons v. Lain*, the Fifth Circuit determined that a qualified immunity defense did not apply when the plaintiff alleged that the officer slammed him against a wall, threw him down on a bench, and twisted his arm behind his back. *Coons v. Lain*, 277 Fed. Appx. 467, 469-70 (5th Cir. 2008). In viewing the facts in the light most favorable to the plaintiff, the court concluded that the officer's use of force was unreasonable. *Id.*

In accord with *Michalik*, Plaintiffs have the burden to rebut Defendants' defense of qualified immunity by showing that genuine issues of material fact exist as to whether Defendants' alleged wrongful conduct violated clearly established law. The Fourth Amendment right to be free from the use of excessive force by law enforcement officers during arrest clearly was established under *Ikerd* and in effect at the time of Plaintiffs' injuries. Furthermore, Plaintiffs have alleged

sufficient facts to demonstrate a claim for excessive force under *Ikerd*. Plaintiffs suffered injuries that allegedly resulted directly and solely from the use of force by Defendants. Viewing the facts in a light most favorable to Plaintiffs, the Court is not persuaded that a qualified immunity defense applies for the excessive force claims.

The Court is also not persuaded that a qualified immunity defense applies for the false arrest claims. Viewing the facts in a light most favorable to Plaintiffs, the Court again finds that genuine issues of material fact exist as to whether Defendants' alleged wrongful conduct violated clearly established law on false arrest.

In summary, all federal claims are dismissed against Defendants in their official capacities. However, for the foregoing reasons, the Court finds that there are issues of fact here that preclude full summary judgment for Defendants or for Plaintiffs on the individual-capacity claims. Thus, remaining for trial are the Fourth Amendment claims against Defendants in their individual capacities for excessive force and false arrest.

Accordingly, **IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 31)** filed by Defendants is **GRANTED IN PART**, insofar as it regards Plaintiffs' official-capacity claims;

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 31)** filed by Defendants is **DENIED IN PART**, insofar as it regards Plaintiffs' individual-capacity claims;

**IT IS FURTHER ORDERED** that Plaintiffs' **Cross-Motion for Summary Judgment (Rec. Doc. 55)** is **DENIED**.

January 4, 2016

                                                          _____
                                                            JUDGE JAY C. ZAINEY
                                                           UNITED STATES DISTRICT JUDGE