UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKALENE ROSA JOHNSON and DAWAN RENE EVERY | CIVIL ACTION |
| VERSUS | NO. 14-2369 |
| CITY OF THIBODAUX, ET AL. | SECTION A(2) |

## ORDER AND REASONS

Before the Court is Defendants' **Motion in Limine to Exclude Anticipated Unduly Prejudicial Evidence (Rec. Doc. 120)**. Plaintiff opposes Defendants' Motion (Rec. Doc. 126). Trial on this matter is set to begin on October 3, 2016 at 8:30 a.m.

Defendants seek to prohibit Plaintiffs' counsel from mentioning, alluding to, or offering into evidence: 1) Plaintiffs' Counsel's position as a reverend, 2) the Black Lives Matter movement or any other nationally publicized instance of alleged police brutality or misconduct, 3) any insinuation that the Porteous, Hainkel and Johnson law firm and/or Dr. Christopher Cenac, Sr., Defendants' IME Expert, were involved in the impeachment of former Judge Thomas Porteous, and 4) the parties' financial statuses.

### a. Plaintiff's Counsel's Position as a Reverend

Defendants request that Plaintiffs' counsel be prohibited from mentioning to the jury that he is a reverend, and that Plaintiff's counsel be referred to as Mr. Taylor during trial rather than Reverend Taylor. (Rec. Doc. 120-1, Pg.2). Plaintiffs' counsel states that he will not refer to himself as "reverend" at trial, but Plaintiffs object to denying their counsel the opportunity to give the jury a description of his background as an attorney and his involvement in this case. (Rec. Doc. 126, Pg. 2). Plaintiffs also note that a potential juror from the Reverend's community might

1

inadvertently disclose that information. (Rec. Doc. 126, Pg. 2). Considering the prejudicial effect of referring to Plaintiffs' counsel as "reverend" and Plaintiffs' counsel's accord with Defendants' request, it is ordered that Plaintiffs' counsel is prohibited from referring to himself as "reverend," and Plaintiffs' counsel shall be referred to as Mr. Taylor throughout trial. Plaintiffs' counsel shall admonish Plaintiffs' witnessed to not refer to counsel as reverend.

  b. **The Black Lives Matter Movement and Other Nationally Publicized Instances of Alleged Police Brutality or Misconduct**

Defendants request that Plaintiffs' counsel be prohibited from making any reference to the Black Lives Matter movement or any other nationally publicized instance of alleged police brutality or misconduct. (Rec. Doc. 120-1, Pg. 2) Plaintiffs agree that race is not an issue in this case and "intend to urge jurors that this case is not about the Black Lives Movement or any other police misconduct case of which the jurors may be aware." (Rec. Doc. 126, Pg. 4). Considering the prejudicial nature and irrelevance of any publicized police brutality or misconduct, any mention of the Black Lives Matter movement or any other nationally publicized instance of alleged police brutality or misconduct by Plaintiffs' counsel, Plaintiffs, or any of Plaintiffs' witnesses is prohibited.

  c. **Porteous, Hainkel and Johnson law firm and Dr. Christopher Cenac, Sr.**

Defendants request that Plaintiffs' counsel be prohibited from referencing to or insinuating a connection between Dr. Cenac, Sr. and former Judge Porteous, or between Porteous, Hainkel and Johnson law firm and former Judge Porteous. Defendants also raise the same issue in their subsequent Motion in Limine to Request Ruling on Objections During Trial Deposition of Dr. Christopher Cenac, Sr. (Rec. Doc. 123). Plaintiffs object arguing that the evidence that Defendants seek to exclude goes to Dr. Cenac's credibility, but have decided to address the issue more

specifically in their response to Defendants' subsequent Motion in Limine to Request Ruling on Objections During Trial Deposition of Dr. Christopher Cenac, Sr. However, Plaintiffs do not address Defendants' request to prohibit mention of a connection between Porteous, Hainkel and Johnson law firm and former Judge Porteous. Plaintiffs' counsel is prohibited from referring to or insinuating a connection between Porteous, Hainkel and Johnson law firm and former Judge Porteous. Plaintiffs' counsel is further prohibited form suggesting that there is a connection between Dr. Cenac, Sr. and former Judge Porteous.

### d. The Parties' Financial Statuses

Defendants request that Plaintiffs' counsel be prohibited from arguing that his clients' financial status prejudiced their ability to conduct discovery, hire experts, or otherwise prosecute their claims. (Rec. Doc. 120-1, Pg. 3). Plaintiffs oppose Defendants' request arguing that the disparity of resources available to the parties is obvious, especially after a routine inquiry. The financial status of the Plaintiffs or their ability to finance litigation is irrelevant in this case and prejudicial. Therefore, Plaintiffs' counsel is prohibited from arguing that his clients' financial status prejudiced their ability to conduct discovery, hire experts, or otherwise prosecute their claims.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine to Exclude Anticipated Unduly Prejudicial Evidence (Rec. Doc. 120)** is **GRANTED** as follows: Plaintiffs' counsel, Plaintiffs and their witnesses will refer to Plaintiffs' counsel as Mr. Taylor; any mention of the Black Lives Matter movement or any other nationally publicized instance of alleged police brutality or misconduct is prohibited; referencing to or insinuating a connection between Porteous, Hainkel

and Johnson law firm and former Judge Porteous is prohibited; and specifically mentioning the Plaintiffs' financial status is prohibited.

New Orleans, Louisiana this 27st day of September 2016.

                                                  THE HONORABLE JAY C. ZAINEY
                                                  UNITED STATES DISTRICT JUDGE