UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JACKALENE ROSA JOHNSON and DAWAN RENE EVERY | CIVIL ACTION |
| VERSUS | NO. 14-2369 |
| CITY OF THIBODAUX, ET AL. | SECTION A(2) |

### ORDER AND REASONS

Before the Court is Defendants' **Motion in Limine Regarding Medical Issues (Rec. Doc. 124)**. Plaintiffs oppose Defendants' Motion **(Rec. Doc. 133)**. Trial on this matter is set to begin on October 3, 2016 at 8:30 a.m. For the following reasons, Defendants' Motion in Limine Regarding Medical Issues is GRANTED in part and DENIED in part as follows:

    I.    Calling Medical Providers as Witnesses at Trial

Defendants seek to prohibit Plaintiffs from calling any medical provider as a witness at trial. The Court previously ordered that "[n]o doctor will testify at trial unless opposing counsel receives the doctor's record 30 days before trial, on September 2, 2016." (Rec. Doc. 92, Pg. 2). To the extent that Defendants have received a doctor's records, including Dr. Fadi Abou-Issa and Dr. Deepak Awasthi, on or before September 2, 2016, those doctors may testify at trial. However, their testimony shall be limited to what was included in the medical records available to Defendants. Because the medical records were not produced by Plaintiffs to Defense counsel, Plaintiffs cannot admit those medical records into evidence.

    II.    Medical Records as Exhibits at Trial

Defendants seek to prohibit Plaintiffs from offering any medical records as exhibits at trial. Plaintiffs never produced copies of the medical records obtained by subpoena to Defendants.

1

Accordingly, the Plaintiffs are prohibited from introducing the medical records obtained through subpoena as exhibits.

      III.    Eliciting Testimony on Medical Causation from Lay Witnesses

Defendants seek to prohibit Plaintiffs from eliciting testimony on medical causation from lay witnesses at trial. Lay witnesses are prohibited from testifying as to medical causation because they are not experts. Because Plaintiffs are not experts, they are prohibited from opining whether a subsequent surgery was causally related to the accident. Plaintiffs, however, will be allowed to testify as to their injuries received as a result of the accident. Plaintiffs will also be allowed to testify to their treatment, but cannot causally connect any surgery to their accident.

Accordingly;

**IT IS ORDERED** that Defendants' **Motion in Limine Regarding Medical Issues (Rec. Doc. 124)** is **GRANTED IN PART** and **DENIED IN PART**.

New Orleans, Louisiana, September 27, 2016.

_____
THE HONORABLE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE