UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACKALENE ROSA JOHNSON, et al.                                    CIVIL ACTION

VERSUS                                                                              NO: 14-2369

CITY OF THIBODAUX, et al.                                              SECTION: A (2)

## ORDER

Before the Court is Plaintiff's **Motion for Judgment as a Matter of Law or, in the alternative, Motion for New Trial (Rec Doc. 156)**. Defendants oppose the motion. (Rec. Doc. 158). The motion, set for submission on November 16, 2016, is before the Court on the briefs without oral argument.

On October 5, 2016, the jury rendered a verdict against Plaintiffs on both their excessive force and unlawful arrest claims. Plaintiffs now move the Court for judgment notwithstanding the verdict, or, in the alternative, for a new trial. Plaintiffs argue that no reasonable jury could have determined that Defendants did not violate their Fourth Amendment rights. (Rec. Doc. 156-1, Pg. 2).

Rule 50 establishes the requirements for a party in a civil jury trial to challenge the sufficiency of evidence either before submission to the jury or after the jury's verdict. *Unitherm Food Systems, Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 399 (2006). If a court does not grant a party's motion for judgment as a matter of law during trial, the motion may be renewed after the jury's verdict. *Id.* A court may grant this renewed motion if "the jury's factual findings are not supported by substantial evidence, or if the legal conclusions implied from the jury's verdict cannot in law be supported by those findings." *Am. Home Assur. Co. v. United Space Alliance, LLC*, 378 F.3d 482, 488 (5th Cir. 2004).

When deciding a motion for judgment as a matter of law, a court should consider all the evidence "in the light and with all reasonable inferences most favorable to the party opposed to the motion." *Mosley v. Excel Corp.*, 109 F.3d 1006, 1008-09 (5th Cir. 1997) (quoting *Boeing Co. v. Shipman*, 411 F.2d 365, 374 (5th Cir. 1969)). However, a court may not determine the credibility of a witness or weigh the evidence presented at trial because those assessments are the functions of the jury. *Id.* at 1009. The United States Court of Appeals for the Fifth Circuit has expressed wariness in upsetting jury verdicts, stating that jury verdicts will be upheld "unless the facts and inferences point so strongly and so overwhelmingly in favor of one party that reasonable [jurors] could not arrive at any verdict to the contrary." *Id.* (quoting *Travelers Cas. & Sur. Co. of Am. v. Ernst & Young LLP*, 542 F.3d 475, 481 (5th Cir. 2008)).

The Court finds that Plaintiffs are not entitled to judgment as a matter of law because the facts and inferences do not point so strongly in favor of Plaintiffs that reasonable jurors could not arrive at verdict in favor of Defendants. Defendants introduced sufficient evidence, through a number of witnesses and a videotape of the incident, such that a reasonable jury could arrive at a verdict in favor of Defendants.

In the alternative to their motion for judgment as a matter of law, Plaintiffs move for a new trial. After a jury trial, the Court may grant a new trial where the verdict is against the *great* weight of the evidence. *Moore v. Omega Protein, Inc.*, 459 Fed. Appx. 339, 340 (5th Cir. 2012); Fed. R. Civ. Pro. 59(a)(1)(A). The Court does not find that Plaintiffs are entitled to a new trial because Plaintiffs have not demonstrated that the jury's verdict was against the great weight of the evidence. The jurors heard ample evidence and were properly instructed on the law before they rendered a verdict in favor of Defendants. Therefore Plaintiffs are not entitled to judgment as a matter of law or a new trial.

Accordingly;

**IT IS ORDERED** that Plaintiffs' **Motion for Judgment as a Matter of Law or, in the alternative, Motion for New Trial (Rec. Doc. 156)** is **DENIED**.

January 9, 2017

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE
